UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL BRAXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1028 JCH |
| ) | |
| KATSAM ENTERPRISES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, an African-American man, seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act of 1947 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), as amended 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of race, age, and disability. Based on plaintiff's financial affidavit, the motion is granted. For the following reasons, the Court will order process to issue on defendant Katsam Enterprises on plaintiff's claims brought under Title VII and the ADA, and will dismiss without prejudice plaintiff's claims brought under the ADEA.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Complaint

Plaintiff, a 54-year-old African-American male, alleges employment discrimination based on race, age, and disability. According to his complaint and his EEOC charge of discrimination, plaintiff worked for defendant Katsam Enterprises as a sweeper driver from September 2016 until his termination on approximately January 30, 2018.

Plaintiff states he was harassed by his manager, Chris Dick, because of his race, including being told he was not doing his job correctly and not being sent to the company doctor after an on-the-job injury. Plaintiff also alleges he suffers from sleep apnea, and his supervisor put a camera in his truck to monitor and harass him. He was also harassed by his supervisor about a Department of Transportation physical, which plaintiff passed. His supervisor alleged plaintiff must have bribed an employee at the Department of Transportation to have passed the physical. For relief, plaintiff seeks an unspecified amount of back pay.

## Discussion

To establish a prima facie case of race discrimination under Title VII, plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for his position; and (3) suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806,

810 (8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)). To establish a prima facie case of discrimination under the ADA, plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) is qualified to perform the essential functions of his job with or without a reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *See Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 824-25 (8th Cir. 2006); *Samuels v. Kansas City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated plausible claims against defendant Katsam Enterprises under Title VII and the ADA, and will order the Clerk to issue process on the complaint.

To set forth a prima facie claim of age discrimination under the ADEA, a plaintiff must establish that (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorable. *See Anderson v. Durham D & M, LLC*, 606 F.3d 515, 523 (8th Cir. 2010). Plaintiff has made no allegations in either his complaint or his charge of discrimination that he suffered any adverse employment action based upon his age. As such, he has failed to allege a plausible claim of age discrimination under the ADEA, and the Court will dismiss these claims.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's

allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint on defendant Katsam Enterprises.

**IT IS FURTHER ORDERED** that plaintiff's claims of age discrimination in violation of the ADEA are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this <u>19th</u> day of September, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE